IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## NAKIA RUMPH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-01-44    Clayburn Peeples, Judge**

---

**No. W2001-02066-CCA-R3-PC - Filed April 19, 2002**

---

The Appellant, Nakia Rumph, appeals from the dismissal of his petition for post-conviction relief. In 2000, Rumph pled guilty to two counts of aggravated sexual battery and was sentenced to eight years imprisonment on each count. On appeal, Rumph challenges the validity of his guilty plea upon grounds of: (1) voluntariness and (2) ineffective assistance of counsel. After review, we affirm the judgment of the Madison County Circuit Court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR.,JJ., joined.

Mechelle Story, Taylor and Associates, Jackson, Tennessee, for the Appellant, Nakia Rumph.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In August 1999, the Appellant was indicted on two counts of aggravated sexual battery. He was declared indigent, and the public defender's office was appointed to represent him. Thereafter, conflicts arose between the Appellant and his attorney. On January 31, 2000, the day before trial was to begin, the Appellant requested that his attorney be discharged and another lawyer be appointed to represent him. The trial court refused to discharge the Appellant's attorney. Later that same day, the Appellant entered a guilty plea to two counts of aggravated sexual battery and received eight

years on each count.[1]  The Appellant's *pro se* petition for post-conviction relief was filed on February 1, 2001.  After counsel was appointed to assist the Appellant, an evidentiary hearing was conducted on July 24, 2001.  Thereafter, the post-conviction court dismissed the Appellant's petition.  This timely appeal followed.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition.  Tenn. Code Ann. § 40-30-210(f) (1997).  The Appellant's claim of ineffectiveness of counsel and involuntariness of his guilty plea, as set forth in his petition, stem from the following allegations:

> (1) the Appellant was intimidated by trial counsel and as a result of this intimidation he entered into a plea agreement with the State; and

> (2) the Appellant was not given the opportunity to review his discovery materials and as a result he was not aware of the evidence that would have been presented against him if the matter proceeded to trial.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant ."  *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).  In making this determination, the reviewing court must look to the totality of the circumstances.  *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990).  Indeed, a "court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial."  *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea.  In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made.  *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

---

[1]Because the Appellant failed to include in the record the plea agreement documents or the judgment of conviction forms, we are unable to determine whether the Appellant's eight-year sentences were ordered to be served concurrently or consecutively.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish: (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## I. Intimidation by Trial Counsel

In the present case, the Appellant first contends that his plea was involuntary because his trial counsel coerced him into pleading guilty. Specifically, the Appellant contends that his attorney told him on the day before trial was to begin, he was going to "lose the trial and to be a man about it and take" the plea offer. Thereafter, the Appellant requested that his attorney be discharged. The trial court denied this request. The Appellant subsequently pled guilty to two counts of aggravated sexual battery.

After review, the post-conviction court found the Appellant's plea to be voluntary and explained its reasoning as follows:

> 1. The Petitioner has failed to demonstrate by clear and convincing evidence that he was in any way denied a right or had any right infringed that is guaranteed under the Constitution of the United States or of the State of Tennessee.
>
> 2. The court finds that the Petitioner made a knowing and voluntary guilty plea and that the plea was in no way the result of pressure placed upon him by counsel or the Court.
>
> 3. Counsel's advice to the Petitioner to take the State's offer was entirely within the realm of counsel's legal obligation and cannot be undue influence.

4. The Petitioner was fully advised of all constitutional rights and the State's plea offer and fully understood his actions in pleading guilty and understood the consequences of those actions.

5. Both counsel and the court fully explained the Petitioner's rights and the plea agreement and the consequences of the plea.

The record indicates that the trial court questioned the Appellant extensively as to whether his plea was made with knowledge and understanding. At the post-conviction hearing, trial counsel testified that she did not force the Appellant to take the plea, but rather, told the Appellant that, in her professional opinion, it was his in "best interest" to accept the State's offer. The post-conviction court obviously credited trial counsel's testimony that she did not place undue influence upon the Appellant to plead guilty. Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). We conclude that the record fully supports the findings of the post-conviction court that the Appellant has not proven by clear and convincing evidence that his guilty pleas were involuntarily made. Therefore, this issue is without merit.

## II. Discovery Materials

Second, the Appellant contends that he did not receive effective assistance of counsel, and thus his plea was not voluntary, because he "did not have good communications with his attorney at the trial level and as a result, the Appellant was not adequately advised of the evidence to be presented against him at a trial in this matter." The post-conviction court concluded that the Appellant received the competent assistance of counsel, and consequently, entered his plea knowingly and voluntarily, finding that, "counsel obtained discovery and discussed the State's case with the Petitioner. And discussed the Petitioner's options and would have continued to fully and competently represent the Petitioner had he opted to go to trial."

The proof does not preponderate against these findings. Trial counsel testified at the post-conviction hearing that she went through discovery materials "piece by piece" with the Appellant, and that the Appellant "did not want his discovery materials in the jail because of the nature of the offense; . . . he didn't want the inmates to discover materials that would implicate him in an aggravated sexual battery." The post-conviction court obviously credited trial counsel's testimony that she reviewed discovery materials with the Appellant, and therefore, the Appellant was adequately advised of the evidence to be presented against him at a trial in this matter. Again, because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black*, 794 S.W.2d at 755.

Accordingly, we find that the Appellant has not proven by clear and convincing evidence that trial counsel's performance was outside the range of competence demanded of attorneys in criminal cases. The Appellant certainly has failed to show evidence that "but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial." In sum, the Appellant has failed to prove ineffective assistance of counsel.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellant's plea was knowingly, intelligently, and voluntarily entered or that he received the effective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____

DAVID G. HAYES, JUDGE